**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt.loker@loker.law
Nicholas J. Enns, Esq. (356855)
nick.enns@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorneys for Plaintiff*,
Brandon Austin

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON AUSTIN, <br><br> Plaintiff, <br><br> v. <br><br> VERIZON WIRELESS SERVICES, LLC; DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; AND, TRANS UNION LLC, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** <br><br> I.  **FAIR DEBT COLLECTION PRACTICES ACT;** <br><br> II. **FAIR CREDIT REPORTING ACT;** <br><br> III. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT; AND,** <br><br> IV. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** <br><br> **JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

3. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4. BRANDON AUSTIN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of VERIZON WIRELESS SERVICES, LLC ("Verizon"); DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED ("Diversified"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"); EQUIFAX INFORMATION SERVICES LLC ("Equifax"); and TRANS UNION LLC ("Trans Union"), with regard the reporting and collection of an inaccurate account and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

8. Any violations by each Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of a Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; 15 U.S.C. §§ 1681 et seq.; and, 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); (ii) the Fair Credit Reporting Act, 15 U.S.C §§ 1681 et seq. ("FCRA"); (iii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1, et seq. ("CCCRAA"); and, (iv) the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. ("RFDCPA").

12. Because Defendants conducted business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in the County of Riverside, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

16. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f); and, and, 15 U.S.C. § 1692a(5).

18. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); and, Cal. Civ. Code § 1785.3(c).

19. Verizon is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

20. Experian, Equifax, and Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, each a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

21. Experian, Equifax, and Trans Union are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

22. Verizon is a corporation located in the State of New Jersey.

23. Diversified is a debt collection agency located in the State of Minnesota.

24. Equifax is a corporation located in the State of Georgia.

25. Experian is a corporation located in the State of California.

26. Trans Union is a corporation located in the State of Pennsylvania.

27. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

28. Plaintiff is an individual residing within the State of California.
29. On July 15, 2023, Plaintiff ordered an Internet Gateway from Verizon, confirmed via email receipt.
30. On October 22, 2023, Plaintiff decided to initiate the return process of the Internet Gateway back to Verizon, confirmed by email from Verizon.
31. On November 16, 2023, Plaintiff received an email from Verizon requesting Plaintiff return the Internet Gateway device. Within the email, it stated Verizon would "issue a full refund if you return this equipment within 30 days of this email."
32. On November 17, 2023, Plaintiff received an email from Verizon requesting Plaintiff complete a survey regarding the Internet Gateway device.
33. On December 9, 2023, Plaintiff shipped the device back to Verizon via FedEx.
34. On December 11, 2023, Plaintiff received an email from Verizon confirming Verizon's receipt of the Internet Gateway.
35. Plaintiff was shocked, on January 19, 2024, to receive an email from Verizon stating he was still responsible for a $200 balance related to the Internet Gateway he had already returned over a month prior.

36. This incurred financial obligations to the original debtor Verizon, that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d) and a "consumer debt" as that term is defined by California Civil Code §1788.2(f); and, and, 15 U.S.C. § 1692a(5).

37. Shortly after receiving this bad news from Verizon, Plaintiff submitted written disputes to Verizon, Equifax, Experian, and Trans Union.

38. On April 19, 2024, Plaintiff was disappointed to receive dispute results from both Experian and Trans Union showing the inaccurate Verizon debt on his credit reports.

39. Plaintiff was exasperated, on April 27, 2024, when he received a debt verification letter from Diversified referencing the inaccurate $200 Verizon debt.

40. This transfer of debt from Verizon to Diversified was made under a false representation of the obligations Plaintiff owed to Verizon and was used to threaten Plaintiff as a debtor and thus violated Cal. Civ. Code 1788.10(d).

41. Through this conduct, Verizon violated 15 U.S.C. § 1692e(10) by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Verizon violated Cal. Civ. Code § 1788.17.

42. Through this conduct by sending the letter, Diversified violated 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(10); 1692f; 1692f(1) as well as Cal. Civ. Code § 1788.17 for the reasons outlined above.

43. On May 3 and May, 2024, respectively, Plaintiff received an Experian and Equifax credit report each still showing the inaccurate Verizon information.

44. Hoping this haunting problem, created by Verizon, had maybe disappeared, Plaintiff checked his credit reports with Experian, on July 9, 2024, and also Trans Union, on July 10, 2024, and, unfortunately, both credit reports were still showing the inaccurate Verizon account.

45. Through this conduct, Verizon violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the inaccurate debt in connection with the collection of the inaccurate debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Verizon violated Cal. Civ. Code § 1788.17.

46. Through this conduct, Verizon violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the inaccurate debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Verizon violated Cal. Civ. Code § 1788.17.

47. Through this conduct, Verizon violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Verizon violated Cal. Civ. Code § 1788.17.

48. Experian, Equifax, and Trans Union were then required to conduct their own reasonable reinvestigation into these accounts on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

49. Verizon was also required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

50. Verizon failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

51. Due to Verizon's failure to reasonably investigate, Verizon further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

52. By inaccurately reporting account information after notice and confirmation of its errors, Verizon failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

53. To date, Verizon's inaccurate credit reporting remains on Plaintiff's Experian, Equifax, and Trans Union Credit Reports.

54. Verizon submit inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

55. Experian, Equifax, and Trans Union did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

56. Defendants' investigations were unreasonable.

57. More specifically, Defendants should have discovered from their own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading since Plaintiff had never obtained or utilized the credit card at issue herein.

58. By inaccurately reporting account information after notice and confirmation of its errors, Verizon failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

59. Through this conduct, Verizon violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Verizon knew or should know was inaccurate.

60. Through this conduct, Comenity violated 15 U.S.C. § 1692e(8) by submitting false information regarding Plaintiff's credit history.

61. Experian, Equifax, and Trans Union also failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i.

62. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute with Experian were fruitless.

63. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

64. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

65. Defendants' failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

66. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

67. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

68. Throughout this ordeal, Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large debt mischaracterizes Plaintiff as someone that financially overextends himself and harms Plaintiff's credit score.

69. Plaintiff has been unable to obtain the credit benefits he should have earned by his stellar payment history.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

70. While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

71. Despite Plaintiff's repeated attempts, Defendants continue to report an invalid debt to Plaintiff's credit report.

72. Plaintiff has spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.

73. Plaintiff is not able to calculate the total pecuniary loss at this time but will utilize the services of an economist.

74. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

75. Similarly, Experian, Equifax, and Trans Union also received documents in connection with Plaintiff's dispute that directly contradicted the inaccurate credit reporting.

76. These documents should have caused Experian, Equifax, and Trans Union to remove the inaccurate information from Plaintiff's credit report.

77. By intentionally reporting continuing obligations, Experian, Equifax, and Trans Union acted in conscious disregard for Plaintiff's rights.

78. To report an ongoing obligation despite the invalid nature of this account shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

79. Since Plaintiff's efforts to be absolved of the invalid debt were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

# CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692-1692(P) (FDCPA)

## [AGAINST DIVERSIFIED]

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

82. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681X (FCRA)

## [AGAINST ALL DEFENDANTS]

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

85. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

86. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## COUNT III
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## CAL. CIV. CODE § 1785.1, ET SEQ.
## [AGAINST VERIZON]

87. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

88. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

89. In the regular course of its business operations, Verizon routinely furnishes information to credit reporting agencies pertaining to transactions between Verizon and Verizon's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

90. Because Verizon is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Verizon is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

91. Since Verizon received all documents required to determine the inaccuracy of Verizon's reporting, Verizon should have known to update said reporting.

92. Verizon also should have determined that Verizon's reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

## COUNT IV

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

## [AGAINST DIVERSIFIED AND VERIZON]

93. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

95. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An injunction preliminarily and permanently enjoining Defendant from

engaging in the unlawful debt collection practices stated herein;

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- Punitive damages according to proof as to the FCRA; and CCCRAA; and,

CASE NO.:                 14 OF 15         *Austin v. Verizon Wireless Services, LLC, et al.*
                            **COMPLAINT**

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

96. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 23, 2025                                        Respectfully submitted,

**LOKER LAW, APC**

By: ___/s/ Nicholas J. Enns___
NICHOLAS J. ENNS, ESQ.
ATTORNEY FOR PLAINTIFF